**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HAROLD R. BERK and JOAN S. McCLURE, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-01279-TWT-CCB |
| EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, and EQUIFAX MORTGAGE INFORMATION SERVICES, | |
| Defendants. | |

**DEFENDANTS' MOTION TO ENFORCE THE PARTIES'
SETTLEMENT AGREEMENT AND STAY ALL DEADLINES**

Defendants EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, and EQUIFAX MORTGAGE INFORMATION SERVICES (collectively, "Equifax"), by its attorneys and pursuant to LR 7.1, NDGa., respectfully moves this Court to enforce the settlement agreement entered into between Equifax and Plaintiffs HAROLD R. BERK and JOAN S. McCLURE (collectively, the "Plaintiffs") on the grounds that all the essential terms of the settlement agreement were reached by the parties and, as such, Plaintiffs attempted refusal to recognize the settlement agreement is invalid.

WHEREFORE, Equifax respectfully requests that this Court enter an Order granting its motion and enforcing the parties' settlement agreement. Equifax also requests that the Court immediately enter an Order extending the deadline for Equifax to file any responsive pleadings, as well as staying all discovery and all other pretrial deadlines pending the Court's ruling on this motion. The bases for Equifax's motion are more fully set forth in Defendants' Memorandum of Law in Support of Its Motion to Enforce the Parties' Settlement Agreement and Stay all Deadlines, filed contemporaneously herewith.

Respectfully submitted,

EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, and EQUIFAX MORTGAGE INFORMATION SERVICES

By:   */s/ Eric F. Barton*
Eric F. Barton
ebarton@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309
Telephone:  (404) 881-5430
Facsimile:   (404) 892-7056

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BERK, HAROLD & MCCLURE, JOAN,

        Plaintiffs,

   v.

EIS, EMS, and INC.,

        Defendants.

Civil Action
No. 1:20-cv-01279-TWT-CCB

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2020, I electronically filed the foregoing **DEFENDANTS' MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT AND STAY ALL DEADLINES** with the Clerk of the Court using the CM/ECF system which send notification of such filing to the registered users.  I, further certify that on May 26, 2020, I cause a true and accurate copy of the foregoing to be e-mailed and mailed to the following:

Harold R. Berk
Joan S. McClure
haroldberk@gmail.com
17000 SW Ambrose Way
Port St. Lucie, FL  34986
-and-
150 N. Radnor Chester Road
Radnor, PA  19087

/s/ Eric F. Barton
Eric F. Barton

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HAROLD R. BERK and JOAN S. McCLURE,<br><br>        Plaintiffs,<br><br>    v.<br><br>EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, and EQUIFAX MORTGAGE INFORMATION SERVICES,<br><br>        Defendants. | Civil Action<br>No. 1:20-cv-01279-TWT-CCB |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT
AND TO STAY ALL DEADLINES**

Defendant EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, and EQUIFAX MORTGAGE INFORMATION SERVICES (collectively, "Equifax"), by its attorneys and pursuant to LR 7.1, NDGa., hereby files its Memorandum of Law in Support of Defendants' Motion to Enforce the Parties' Settlement Agreement and to Stay All Deadlines.

## I.   **FACTUAL BACKGROUND**

On October 7, 2019, pro se Plaintiffs Harold S. Berk, an experienced attorney with over 40 years of litigation experience, and his wife, Joan S. McClure (collectively, the "Plaintiffs") filed suit against Equifax, alleging, among other things, that Equifax violated the Fair Credit Reporting Act and improperly distributed Plaintiffs' personal information to third-parties. [*See, generally*, DE 1].

Equifax was originally represented in this matter by the law firm King & Spalding LLP, but on May 6, 2020, attorney Eric Barton of Seyfarth Shaw LLP entered a notice of appearance and became Equifax's lead counsel.[1]  [DE 39].  As soon as Mr. Barton appeared in this matter, he began exploring a possible settlement with the Plaintiffs.  (*See* Declaration of Eric Barton ("Barton Decl."), attached hereto as Exhibit A, ¶ 3.)  Specifically, on May 6th, Mr. Barton telephoned Mr. Berk and they discussed Plaintiffs' current settlement demand, which Mr. Berk had made prior to Mr. Barton's involvement in the case and was set to expire on May 8th.  (*Id.* at ¶ 4.)  At Mr. Barton's request, Mr. Berk agreed that Equifax could have until May 15th to respond to Plaintiffs' settlement demand, which Mr. Berk memorialized in a subsequent e-mail.  (*Id.* at ¶ 5.)  Inexplicably, however, at 2:10 a.m. on May 12th,

---

[1] On May 11, 2020, Mr. Barton filed a Notice of Substitution of Counsel, at which point King & Spalding concluded its involvement in this case. [DE 43].

Mr. Berk e-mailed Mr. Barton, suddenly informing him that Plaintiffs were withdrawing their settlement demand before the May 15th deadline. (*Id.* at ¶ 6.)

On May 13th, Mr. Berk e-mailed Mr. Barton a new settlement demand, which largely mirrored the original demand, except that it increased Plaintiffs' monetary demand and increased the scope of information requested from Equifax. (*Id.* at ¶ 7.) On May 14th, Mr. Barton asked two clarifying questions about Plaintiffs' revised settlement demand, which Mr. Berk promptly responded to. (*Id.* at ¶ 8.) Less than 3-hours later, Mr. Barton e-mailed Mr. Berk to confirm Equifax had accepted all of the terms set forth in Plaintiffs' revised settlement demand, without modification, and offered to prepare the formal settlement agreement. (*Id.* at ¶ 9.) Mr. Berk immediately responded with a message stating: "That is great. We look forward to receiving your draft." (*Id.* at ¶ 10.) The entire e-mail exchange memorializing the parties' settlement agreement (the "Settlement Agreement") is attached to Mr. Barton's Declaration.

On May 18th, Mr. Barton e-mailed Plaintiffs a draft of the formal Settlement Agreement, memorializing the previously agreed upon terms. (*Id.* at ¶ 11.) Mr. Berk responded on the following day with a variety of edits. (*Id.*) On May 21st, Mr. Barton e-mailed Mr. Berk and explained that while he accepted the majority of Plaintiffs' edits, Equifax could not accept several, newly inserted terms because they

materially modified the previously agreed upon Settlement Agreement. (*Id.* at ¶ 12.) Specifically, Mr. Barton informed Mr. Berk that Equifax could not accept the additional disclosure requirements that Plaintiffs proposed adding to Paragraph 2, nor could Equifax accept the extensive indemnification provision that Plaintiffs suddenly added as a new Paragraph 7. (*Id.* at ¶ 13.) Again, it is <u>undisputed</u> that neither of these conditions were included in Plaintiffs' May 13th settlement demand or Equifax's May 14th acceptance of that demand.[2]

Unfortunately, on May 22nd, Mr. Berk informed Mr. Barton that Plaintiffs would not execute or honor the previously agreed upon Settlement Agreement because it did not include the newly added indemnification provision. (*Id.* at ¶ 14.)

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Because the Parties Agreed to All Essential Terms of the Settlement Agreement, the Settlement Agreement is Fully Enforceable.

Because Equifax and Plaintiffs reached a final agreement regarding the essential terms of a settlement, the parties' agreement is enforceable as a matter of law.[3]   The Eleventh Circuit Court of Appeals has held that the law of contracts governs

---

[2] These conditions were also not part of Plaintiffs' original settlement demand, which Mr. Berk subsequently withdrew on May 12th.

[3] The "final agreement" is the Settlement Agreement attached to Mr. Barton's May 21st e-mail, accepting all of Plaintiffs' non-material edits and revisions. *See* Barton Decl., ¶ 14, Exh. 4.   It should be noted, however, that on May 24th, Mr. Berk informed Mr. Barton that Plaintiffs had changed their mind and would not accept the

the construction and enforcement of settlement agreements.  *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999) (citing *Blum v. Morgan Guar. Trust Co. of New York*, 709 F.2d 1463 (11th Cir. 1983)).  Moreover, under federal law, a district court has "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Ford v. Citizens and S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (citations omitted).  District courts use the applicable state's contract law to construe and enforce settlement agreements. *Vinnett v. Gen. Elec. Co.*, 271 F. App'x 908, 912 (11th Cir. 2008).

Georgia law applies in this case. The required elements of a contract under Georgia law are: (1) parties that are able to contract; (2) consideration; (3) mutual assent of terms; and (4) subject matter of the contract. O.C.G.A. § 13-3-1. A valid and binding contract exists when there is a meeting of the minds as to all essential terms. *Lake Burton Civic Ass'n, Inc. v. Williams*, No. 2:06-CV-0189-RWS, 2009 WL 973553, at *2 (N.D. Ga. Apr. 09, 2009) (enforcing settlement agreement where parties reached a "meeting of the minds" as to all essential terms).

---

Settlement Agreement's Confidentiality Provision located at Paragraph 11. (*Id.* at ¶ 15.) Because that material term was not included in Plaintiffs' original demand or Equifax's acceptance, Equifax has no objection to its removal from the final agreement. All other terms should remain as-is.

In this action, Equifax and Plaintiffs unquestionably reached a meeting of the minds as to all of the essential terms of a settlement agreement. Specifically, Mr. Berk -- a highly seasoned attorney with decades of litigation experience -- made a detailed settlement offer to Equifax in writing and via e-mail that clearly articulated the essential terms. (Barton Decl. at ¶ 7 and Exh. 2.) Equifax's counsel asked two clarifying questions, to which Mr. Berk responded. (*Id.* at ¶ 8.) Equifax unequivocally accepted Plantiffs' demand in its entirety and without modification within the prescribed period of time. (*Id.* at ¶ 9.) Equifax then provided Plaintiffs with a Settlement Agreement that included each of the essential terms. (*Id.* at ¶ 11.)

There can be no doubt that an offer was made by Plaintiffs, which was in turn accepted by Equifax exactly as offered, thus, creating a binding settlement agreement. *See, e.g., Greenwald v. Kersh*, 621 S.E.2d 465, 467 (Ga. App. 2005) ("the law also favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced"). Accordingly, the parties' Settlement Agreement, in the form attached to Mr. Barton's May 21st e-mail, is fully enforceable.

In what appears to be nothing more than some type of "buyer's remorse," Plaintiffs are now attempting to revoke the Settlement Agreement unless and until Equifax accepts material modifications and additions, despite the fact that none of

these modifications or additions were ever included in Plaintiffs' May 13th settlement demand or Equifax's acceptance.  For all the reasons detailed above, there is no legitimate basis for Plaintiffs' after-the-fact insistence that these terms must be included in the settlement.  The parties reached a negotiated settlement and this case should be resolved pursuant to the agreed upon terms of that settlement.

## III.  CONCLUSION

Equifax respectfully requests that this Court enter an Order enforcing the parties' Settlement Agreement, in the form attached to Mr. Barton's May 21st e-mail.  For the Court's convenience, a Proposed Order is attached hereto as Exhibit B.  Equifax also requests that the Court immediately enter an Order extending the deadline for Equifax to file any responsive pleadings, as well as staying discovery

and all other pretrial deadlines pending the Court's ruling on Equifax's Motion to Enforce the Parties' Settlement Agreement.

Respectfully submitted,

EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, and EQUIFAX MORTGAGE INFORMATION SERVICES

By:    */s/ Eric F. Barton*
       Eric F. Barton
       ebarton@seyfarth.com
       SEYFARTH SHAW LLP
       1075 Peachtree St, N.E., Suite 2500
       Atlanta, GA  30309
       Telephone:  (404) 881-5430
       Facsimile:   (404) 892-7056

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

Pursuant to LR 7.1 D, Defendant certifies that this Defendants' Memorandum in Law in Support of Its Motion to Enforce the Parties' Settlement Agreement and Stay All Deadlines has been prepared in Times New Roman 14-point, one of the fonts approved in LR 5.1C.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BERK, HAROLD & MCCLURE, JOAN, <br><br> Plaintiffs, <br><br> v. <br><br> EIS, EMS, and INC., <br><br> Defendants. | Civil Action <br> No. 1:20-cv-01279-TWT-CCB |

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2020, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT AND STAY ALL DEADLINES** with the Clerk of the Court using the CM/ECF system which send notification of such filing to the registered users. I, further certify that on May 26, 2020, I cause a true and accurate copy of the foregoing to be e-mailed and mailed to the following:

Harold R. Berk
Joan S. McClure
haroldberk@gmail.com
17000 SW Ambrose Way
Port St. Lucie, FL  34986
-and-
150 N. Radnor Chester Road
Radnor, PA  19087

/s/ Eric F. Barton
Eric F. Barton

# EXHIBIT A

## (To Defendants' Motion to Enforce the Parties Settlement Agreement and Stay All Deadlines)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HAROLD R. BERK and JOAN S. McCLURE,<br><br>         Plaintiffs,<br><br>        v.<br><br>EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, and EQUIFAX MORTGAGE INFORMATION SERVICES,<br><br>        Defendants. | Civil Action<br>No. 1:20-cv-01279-TWT-CCB |

## DECLARATION OF ERIC F. BARTON

1.

My name is Eric F. Barton.  I am an attorney duly licensed and admitted to practice in the state of Georgia and in the Northern District of Georgia.  I am over the age of eighteen and am fully competent to make this declaration.  I make this declaration based on my own personal knowledge.

2.

I am an attorney with the law firm Seyfarth Shaw LLP, attorneys for Defendants Equifax Inc., Equifax Information Services LLC, and Equifax Mortgage Information Services (collectively, "Equifax") in the above-captioned action.

3.

As soon as I entered my notice of appearance in this matter as counsel for Equifax, I began exploring a possible settlement with the Plaintiffs Harold S. Berk and Joan S. McClure (collectively, "Plaintiffs").

4.

On May 6, 2020, I telephoned Mr. Berk and discussed Plaintiffs' current settlement demand, which Mr. Berk had made prior to my involvement in the case and was set to expire on May 8th.

5.

At my request, Mr. Berk agreed that Equifax could have until May 15th to respond to Plaintiffs' settlement demand, which Mr. Berk memorialized in a subsequent e-mail to me, a true and correct copy of which is attached hereto as Exhibit 1.

6.

Inexplicably, however, at 2:10 a.m. on May 12th, Mr. Berk e-mailed me, stating that Plaintiffs were withdrawing their settlement demand before the May 15th deadline.

7.

On May 13th, Mr. Berk e-mailed me a new settlement demand, which largely mirrored the original demand, except that it increased Plaintiffs' monetary demand and increased the scope of information requested from Equifax.

8.

On May 14th, I asked Mr. Berk two clarifying questions about Plaintiffs' revised settlement demand, which Mr. Berk promptly responded to.

9.

Less than 3-hours later, I e-mailed Mr. Berk to confirm Equifax had accepted all of the terms set forth in Plaintiffs' revised settlement demand, without modification, and offered to prepare the formal settlement agreement.

10.

Mr. Berk immediately responded to me with a message stating: "That is great.  We look forward to receiving your draft."  A true and correct copy of that e-mail exchange that details Plaintiffs' settlement offer and Equifax acceptance is attached hereto as Exhibit 2.

11.

On May 18th, I e-mailed Plaintiffs a draft of the formal Settlement Agreement, memorializing the previously agreed upon terms and Mr. Berk

responded on the following day with a variety of edits.   A true and correct copy of Mr. Berk's proposed edits to the Settlement Agreement I sent him is attached hereto as Exhibit 3.

12.

On May 21st, I e-mailed Mr. Berk and explained that while I accepted the majority of Plaintiffs' edits, Equifax could not accept several, newly inserted terms because they materially modified the previously agreed upon Settlement Agreement.  A true and correct copy of my May 21st e-mail to Mr. Berk, attaching a copy of the "final settlement," is attached hereto as Exhibit 4.

13.

Specifically, I informed Mr. Berk that Equifax could not accept the additional disclosure requirements that Plaintiffs proposed adding to Paragraph 2, nor could Equifax accept the extensive indemnification provision that Plaintiffs suddenly added as a new Paragraph 7.  *See* Exh. 4.

14.

On May 22nd, Mr. Berk informed me that Plaintiffs would not execute or honor the previously agreed upon Settlement Agreement because it did not include the newly added indemnification provision.

64067592v.1

15.

On May 24th, Mr. Berk informed me that Plaintiffs had changed their mind and would not accept the Settlement Agreement's Confidentiality Provision located at Paragraph 11.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 26th day of May, 2020.

/s/ Eric F. Barton
Eric F. Barton

64067592v.1

# EXHIBIT 1

## (To Declaration of Eric F. Barton)

**Barton, Eric**

| | |
|---|---|
| **From:** | Harold Berk <haroldberk@gmail.com> |
| **Sent:** | Wednesday, May 06, 2020 12:36 PM |
| **To:** | Perling, Lewis (LPerling@KSLAW.com); Barton, Eric |
| **Cc:** | Joan McClure; Roethke, Ted |
| **Subject:** | Re: Settlement Offer |

**[EXT. Sender]**

Based upon my discussion this morning with Eric Barton, we are extending the deadline for response to our offer of settlement to Friday, May 15, 2020 at 5:00 p.m. EDT.

I also understand from Mr. Barton that contrary to his email of yesterday, he is representing all of the defendants. We request that he file an Entry of Appearance for the two additional entities so that it is clear who he is representing.

Harold R. Berk, Esquire
150 North Radnor Chester Road
Suite F200, #842
Radnor, PA 19087
mobile: 215-896-2882
www.hrberkesquire.com [hrberkesquire.com]

17000 SW Ambrose Way
Port ST. Lucie, FL 34986

On Sat, May 2, 2020 at 7:35 AM Harold Berk <haroldberk@gmail.com> wrote:
Our offer to settle remains outstanding until Friday, May 8, 2020 at 5:00 p.m. EDT. If not accepted by defendants as of that time, it is withdrawn and thereafter null and void.

Harold R. Berk, Esquire
150 North Radnor Chester Road
Suite F200, #842
Radnor, PA 19087
mobile: 215-896-2882
www.hrberkesquire.com [hrberkesquire.com]

17000 SW Ambrose Way
Port ST. Lucie, FL 34986

On Wed, Apr 15, 2020 at 10:32 AM Harold Berk <haroldberk@gmail.com> wrote:
As we discussed on our Rule 26(f) conference, we are prepared to settle this case with all defendants on the following terms:

1. Equifax will provide us with the identity, including name, address and business type and organization, of all third parties to whom they sent information about us or our property or mortgages in August, 2019.

2.  Equifax will specify what information about us, including personal and financial information, they provided to any third parties in August, 2019.

3.  Equifax will pay us $10,000.00 as a flat sum with no additions for attorney fees or costs.

Please let us know if Equifax is willing to settle this litigation on these terms.

Harold R. Berk, Esquire
150 North Radnor Chester Road
Suite F200, #842
Radnor, PA 19087
mobile:  215-896-2882
www.hrberkesquire.com [hrberkesquire.com]

17000 SW Ambrose Way
Port ST. Lucie, FL 34986

# EXHIBIT 2

## (To Declaration of Eric F. Barton)

**Barton, Eric**

| | |
|---|---|
| **From:** | Harold Berk <haroldberk@gmail.com> |
| **Sent:** | Thursday, May 14, 2020 1:58 PM |
| **To:** | Barton, Eric |
| **Cc:** | Joan McClure |
| **Subject:** | Re: Offer of Settlement |

**[EXT. Sender]**

Eric,

That is great.  We look forward to receiving your draft.

Harold R. Berk, Esquire
150 North Radnor Chester Road
Suite F200, #842
Radnor, PA 19087
mobile:  215-896-2882
www.hrberkesquire.com [hrberkesquire.com]

17000 SW Ambrose Way
Port St. Lucie, FL 34986

On Thu, May 14, 2020 at 1:53 PM Barton, Eric <EBarton@seyfarth.com> wrote:

**FRE 408 - SETTLEMENT COMMUNICATION**

I'm pleased to report that Equifax accepts the settlement terms set forth in your May 13th e-mail below.

While Equifax gathers together the information you have requested and we draft/finalize the formal settlement agreement, I would like to go ahead and notify the Court that we've reached a settlement in principle and stay all deadlines so we can get this wrapped up.   I'll send you a proposed submission shortly.

Thank you.

**Eric Barton** | Partner | Seyfarth Shaw LLP
1075 Peachtree Street, N.E. | Suite 2500 | Atlanta, Georgia 30309-3958
Direct: +1-404-885-6772 | Fax: +1-404-892-7056
ebarton@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Harold Berk <haroldberk@gmail.com>
**Sent:** Thursday, May 14, 2020 11:16 AM
**To:** Barton, Eric <EBarton@seyfarth.com>
**Cc:** Joan McClure <joan.s.mcclure@gmail.com>
**Subject:** Re: Offer of Settlement

**[EXT. Sender]**

Yes mutual releases would have each party release the other from any and all claims that they may have had etc.

As to the dates, since we received a telephone call yesterday from Rapid Mortgage of Farmington Hills, Michigan seeking to refinance the mortgage here at Port St. Lucie and he said without qualification that Equifax provided him information that lead to his call to us, that is why I had the date range run to May, 2020.  There were other calls as well. He also said that they were one of Equifax's "preferred lenders" which is why Equifax sent them information about us.  He also said there was some request for a credit report that triggered the information about us to them concerning a refinance of the mortgage here.  I remembered a call from a lender in Michigan during the barrage of August, 2019, but he said they had no record of calling us before.

Harold R. Berk, Esquire

150 North Radnor Chester Road

Suite F200, #842

Radnor, PA 19087

mobile:  215-896-2882

www.hrberkesquire.com [hrberkesquire.com]

17000 SW Ambrose Way

Port St. Lucie, FL 34986

On Thu, May 14, 2020 at 10:46 AM Barton, Eric <EBarton@seyfarth.com> wrote:

**SETTLEMENT COMMUNICATIONS**

Harold-

Good morning.

Two clarifying questions about your settlement demand:

1.  In regards to Term No. 4, I assume when you say "mutual releases," you mean that in the broadest sense possible, yes?  In other words, a settlement would mutually release any and claims the parties may have against one another up until this point, correct?  I assume so, but just wanted to clarify.

2.  As I understand it, this case is about phone calls you allegedly received in late-August 2019.  As such, can we limit Term No. 1 and No. 2 to something more narrow?  How about August 2019-January 2020?  Would that work?

Thanks and look forward to hearing from you.

**Eric Barton** | Partner | Seyfarth Shaw LLP
1075 Peachtree Street, N.E. | Suite 2500 | Atlanta, Georgia 30309-3958
Direct: +1-404-885-6772 | Fax: +1-404-892-7056
ebarton@seyfarth.com | www.seyfarth.com

 **Seyfarth**

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Harold Berk <haroldberk@gmail.com>
**Sent:** Wednesday, May 13, 2020 12:21 PM
**To:** Barton, Eric <EBarton@seyfarth.com>
**Cc:** Joan McClure <joan.s.mcclure@gmail.com>
**Subject:** Offer of Settlement

**[EXT. Sender]**

FOR SETTLEMENT PURPOSES ONLY

We are prepared to settle the case we brought against Equifax on the following terms:

1.  Equifax will provide us with the identity, including name, address and business type and organization, of all third parties to whom they sent information about us or our property or mortgages in August, 2019 and thereafter through and including May, 2020.

2.  Equifax will specify what information about us, including personal and financial information, they provided to any third parties in August, 2019 and thereafter through and including May, 2020.

3.  Equifax will pay us $15,000.00 as a flat sum including attorney fees and costs and with no additions.

4.  The parties will exchange mutual releases.

5.  Plaintiffs will not further pursue their complaint to the Consumer Financial Protection Board and they will not file a Complaint with the Federal Trade Commission.

This offer will remain outstanding until May 25, 2020 at which point it will be null and void if not accepted.

Harold R. Berk, Esquire

150 North Radnor Chester Road

Suite F200, #842

Radnor, PA 19087

mobile:  215-896-2882

www.hrberkesquire.com [hrberkesquire.com]


17000 SW Ambrose Way

Port St. Lucie, FL 34986

# EXHIBIT 3

## (To Declaration of Eric F. Barton)

**Barton, Eric**

| | |
|---|---|
| **From:** | Harold Berk <haroldberk@gmail.com> |
| **Sent:** | Tuesday, May 19, 2020 10:46 AM |
| **To:** | Barton, Eric |
| **Cc:** | Joan McClure |
| **Subject:** | Modifications to Settlement Agreement |
| **Attachments:** | Berk - Settlement Agreement and Release(63946760v1)HRB Rev.docx; COMP   Berk - Settlement Agreement and Release(63946760v1) -  )HRB Rev.pdf |

**[EXT. Sender]**

Eric,

Attached are our modifications of the Settlement Agreement. A clean copy and a Comparison to the original in included.

Please let us know if it is acceptable to Equifax.

Harold R. Berk, Esquire
150 North Radnor Chester Road
Suite F200, #842
Radnor, PA 19087
mobile:  215-896-2882
www.hrberkesquire.com [hrberkesquire.com]

17000 SW Ambrose Way
Port St. Lucie, FL 34986

1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into by Harold R. Berk and Joan S. McClure ("Plaintiffs") and Defendants Equifax Inc., Equifax Information Services LLC, and Equifax Mortgage Information Services (collectively, "Equifax") as of the date of execution below. Plaintiffs and Equifax are collectively referred to herein as the "Parties."

## FACTS

Plaintiffs filed suit against Equifax in the United States District Court for the Eastern District of Pennsylvania which, after denying a Motion to Dismiss, transferred the case to the Northern District of Georgia, Atlanta Division, Case No. No. 1:20-cv-01279-TWT-CCB (the "Lawsuit"). In their Lawsuit, Plaintiffs allege that Equifax is liable for, among other things, violations of the Fair Credit Reporting Act concerning the distribution of Plaintiffs' personal information to third-parties, and Plaintiffs have asserted claims that the actions of defendants violated Plaintiffs' right to privacy and the right of seclusion under the law of Georgia, Florida, Pennsylvania and Delaware. Plaintiffs also claimed in an Amended Complaint that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO). The Lawsuit includes the Amended Complaint. Equifax denies any wrongdoing.

The Parties now desire to memorialize the settlement that they reached on May 13, 2020, in principle, and resolve all disputes, asserted or unasserted, arising out of any acts, failures to act, omissions, misrepresentations, facts, events, transactions, or occurrences described in the Lawsuit or related to the distribution of Plaintiffs' personal information to third-parties existing at the time of the execution of this Agreement.

NOW THEREFORE, in consideration of the mutual promises, terms, and conditions contained herein, and for other good and valuable consideration hereby deemed received, the Parties agree as follows:

**TERMS OF AGREEMENT**

1.      Equifax agrees to pay Plaintiffs the total settlement amount of Fifteen Thousand Dollars ($15,000.00)( the "Settlement Amount"). The Settlement Amount shall be made payable to "Harold R. Berk and Joan S. McClure" and sent by wire transfer to the Bank with routing number and account number as described by Plaintiffs in written communication to Defendants and is conditioned upon Plaintiffs' execution of this Agreement, Equifax's receipt of fully completed Forms W-9 for both Plaintiffs, and Plaintiffs' dismissal of the Lawsuit with prejudice, subject to the right of the Parties to enforce the terms of the Settlement Agreement.

2.      Within thirty days of execution of this Agreement by all Parties, Equifax agrees to provide Plaintiffs with the identity, including name, address, and business type, of all third parties to whom it sent information about Plaintiffs or their property or mortgages between August 2019 and May 2020, and Equifax will also provide Plaintiffs with the identity including name, address, and business type, of all third parties who were able to access information about Plaintiffs through one or more of the products described in the Exhibits to the Complaint. Equifax also will specify what information about Plaintiffs, including personal and financial information, it provided to any third parties between August 2019 and May 2020. At the time Equifax produces this information to Plaintiffs, a representative of Equifax will execute a sworn verification affirming that the information provided is complete, true and correct.

3.      Plaintiffs agree not to further pursue their complaint to the Consumer Financial Protection Board, which they will dismiss/withdraw within five days of execution of this

Agreement by all Parties.  Plaintiffs further agree not to file a Complaint with the Federal Trade Commission concerning the actions of Equifax as described in the Complaint.

4.      Within five days of execution of this Agreement by all Parties, Plaintiffs agree to file a Stipulation for Dismissal of this Lawsuit with Prejudice, signed by all of the Parties and by their respective counsel, pursuant to Rule 41(a)(1(A)(ii) of the Federal Rules of Civil Procedure, but subject to enforcement of the terms and conditions of this Settlement Agreement by the Court in the event that any party breaches the terms set forth herein.  Plaintiffs further agree to provide to Equifax's attorneys copies of all such Stipulations for Dismissal.   The Parties agree that despite the withdrawal of the Lawsuit with prejudice, the Court will retain jurisdiction solely for enforcement by the Parties of the terms of this Settlement Agreement.

5.      Except for the rights and obligations created by this Agreement, Plaintiffs, their heirs, agents, privies, attorneys, insurance carriers, executors, administrators, and successors and assigns, hereby release and forever discharge Equifax and its agents, affiliates, servants, employees, officers, directors, shareholders, attorneys, privies, insurance carriers, predecessors, parents, subsidiaries, successors, and assigns from any and all debts, controversies, claims, demands, damages, actions, causes of action, or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing and which arose to the date on which Plaintiffs sign this Agreement including, without limitation, any obligations under the Fair Credit Reporting Act or the Racketeer Influenced Corrupt Organizations Act.   This Agreement necessarily includes, but is not limited to, any and all claims, demands, damages, actions, causes of action, or suits that are based directly or indirectly upon facts, events, transactions, or occurrences related to or alleged, or embraced by the Lawsuit, which could have been alleged in

the Lawsuit or concerning the distribution of Plaintiffs' personal and financial information to third-parties.

6.      Except for the rights and obligations created by this Agreement, Equifax and its agents, affiliates, servants, employees, officers, directors, shareholders, attorneys, privies, insurance carriers, predecessors, parents, subsidiaries, successors, and assigns, hereby release and forever discharge Plaintiffs, their heirs, agents, privies, attorneys, insurance carriers, executors, administrators, and successors and assigns, from any and all debts, controversies, claims, demands, damages, actions, causes of action, or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing and up to the date on which Equifax signs this Agreement.

7.      Equifax further agrees that in the event that any third party that received personal and financial information about the Plaintiffs from Equifax, either directly or indirectly, or any agent, employee, officer, or assignee or purchaser of Plaintiffs' personal and financial information engages in identity theft of Plaintiffs and uses the Plaintiffs' personal  and financial information to obtain credit, benefits, goods, services, governmental benefits, cash, lines of credit, mortgage loans or any other asset or thing of value (the "Products of Identity Theft"), Equifax agrees to indemnify, defend and hold Plaintiffs harmless from any and all damage, claims, or litigation that Plaintiffs may suffer or need to initiate as a result of the  use of the Products of Identity Theft by any third-party, and Equifax agrees to pay all reasonable attorney fees and costs to defend any such claim or to prosecute claims against any third-parties who obtained the Products of Identity Theft based upon or utilizing the Plaintiffs' personal and financial information provided by Equifax.

8.      The Parties further agree that this Agreement has been fully read and understood by them and that all of them have received independent legal advice from their respective attorneys

as to the effect and import of its provisions.  The Parties additionally agree that this Agreement is being entered into for the express purpose and intention of making and entering into a full and final compromise, adjustment, and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein, subject to the right of the Parties to enforce the terms of this Settlement Agreement.

8.     Plaintiffs warrant and represent that there has been no assignment, sale, or transfer, by operation of law or otherwise, of any claim, right, or interest released herein.  Plaintiffs agree to indemnify, defend, and hold harmless Equifax from any claim, liability, or expense which may be incurred as a result of the assertion of any such claim, right, or interest by any person by reason of any such assignment, sale, or transfer.

9.     This Agreement shall in no event be construed as or be deemed to be evidence of an admission or concession on the part of Equifax of any claim, or any fault or liability, or damages whatsoever.  Equifax denies any and all wrongdoing of any kind whatsoever in connection with the Lawsuit and does not concede any infirmity in the defenses intended to assert.  The Parties have reached the Agreement reflected herein in order to avoid further expense, inconvenience, and delay, and to dispose of expensive, burdensome, and protracted litigation.

10.     The Parties agree that this Agreement constitutes a good faith settlement of the Lawsuit and acknowledge that it is entered into freely and voluntarily.

11.     Unless otherwise required by law or court order, Plaintiffs agree to keep this Agreement confidential except it may be disclosed to their accountants or attorneys, upon their signing of an agreement to keep the terms confidential, or when necessary for Plaintiffs to assert a due legal right or to enforce the terms of this Settlement Agreement.  In the event Plaintiffs are required by other persons to file this Agreement with a court, they shall do so under seal so that

the contents are not revealed beyond disclosure to duly authorized court personnel, such as judges and court clerks, or to taxing authorities, if necessary, or as otherwise ordered by the Court.

12.     This Agreement constitutes the sole and entire agreement between Plaintiffs and Equifax and supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matter covered in it.  Plaintiffs and Equifax all acknowledge that, in entering into this Agreement, they are not relying upon any representations or warranties made by anyone other than those terms and provisions expressly set forth in this Agreement.  It is expressly understood and agreed that this Agreement may not be altered, amended, waived, modified, or otherwise changed in any respect or particular whatsoever except by writing duly executed by authorized representatives of Plaintiffs and Defendant.  The Parties further acknowledge and agree that they will make no claims, at any time or place, that this Agreement has been orally supplemented, modified, or altered in any respect whatsoever.

13.     This Agreement is being made in and shall be deemed to be performed in the State of Georgia and shall be governed by, construed, and enforced in accordance with the laws of the State of Georgia without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws.  The Parties hereby consent to the jurisdiction of the United States District Court for the Northern District of Georgia with respect to any dispute relating to or arising out of this Agreement.  Despite the dismissal of the Lawsuit with prejudice, the Parties shall have the right to apply to the said Court for enforcement of the terms of this Settlement Agreement, and the Court shall have continuing jurisdiction to enforce the terms of this Settlement Agreement.

14.     In any action to enforce the terms of this Agreement, which shall be filed with the United States District Court of the Northern District of Georgia under the case number for this

Lawsuit including any action to recover damages for any violations of it, including the confidentiality provisions of paragraph 11 above, the prevailing party shall be entitled to recover its reasonable attorneys' fees and disbursements in addition to costs of suit.

15.     Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but rather the Agreement shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the Parties shall be construed and enforced accordingly.

16.     The Parties have the requisite authority to enter into this agreement on their own behalf.

17.     This Agreement may be executed in counterparts signed on varying dates.

IN WITNESS WHEREOF, this Agreement is executed as of the date and year first above indicated.

By: _____     Date: _____
      Plaintiff Harold R. Berk


By: _____     Date: _____
      Plaintiff Joan S. McClure



EQUIFAX INC., EQUIFAX INFORMATION
SERVICES LLC, EQUIFAX MORTGAGE
INFORMATION SERVICES LLC



By: _____     Date: _____
      Attorneys for Defendants

EQUIFAX INC.

By:_____          Date:_____

EQUIFAX INFORMATION SERVICES, LLC

By:_____          Date: _____

EQUIFAX MORTGAGE INFORMATION SERVICES,
a division of Equifax Information Services, LLC

By:_____              Date:_____

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into by Harold R. Berk and Joan S. McClure ("Plaintiffs") and Defendants Equifax Inc., Equifax Information Services LLC, and Equifax Mortgage Information Services (collectively, "Equifax") as of the date of execution below.  Plaintiffs and Equifax are collectively referred to herein as the "Parties."

## FACTS

Plaintiffs filed suit against Equifax in the United States District Court, for the Eastern District of Pennsylvania which, after denying a Motion to Dismiss, transferred the case to the Northern District of Georgia, Atlanta Division, Case No. No. 1:20-cv-01279-TWT-CCB (the "Lawsuit").  In their Lawsuit, Plaintiffs allege that Equifax is liable for, among other things, violations of the Fair Credit Reporting Act concerning the distribution of Plaintiffs' personal information to third-parties, and Plaintiffs have asserted claims that the actions of defendants violated Plaintiffs' right to privacy and the right of seclusion under the law of Georgia, Florida, Pennsylvania and Delaware.  Plaintiffs also claimed in an Amended Complaint that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO).  The Lawsuit includes the Amended Complaint.  Equifax denies any wrongdoing.

The Parties now desire to memorialize the settlement in principle that they reached on May 13, 2020, in principle, and resolve all disputes, asserted or unasserted, arising out of any acts, failures to act, omissions, misrepresentations, facts, events, transactions, or occurrences described in the Lawsuit or related to the distribution of Plaintiffs' personal information to third-parties existing at the time of the execution of this Agreement.

NOW THEREFORE, in consideration of the mutual promises, terms, and conditions contained herein, and for other good and valuable consideration hereby deemed received, the Parties agree as follows:

**TERMS OF AGREEMENT**

1.     Equifax agrees to pay Plaintiffs the total settlement amount of Fifteen Thousand Dollars ($15,000.00)( the "Settlement Amount"). The ~~settlement check~~Settlement Amount shall be made payable to "Harold R. Berk and Joan S. McClure" and sent by wire transfer to the Bank with routing number and account number as described by Plaintiffs in written communication to Defendants and is conditioned upon Plaintiffs' execution of this Agreement, Equifax's receipt of fully completed Forms W-9 for both Plaintiffs, and Plaintiffs' dismissal of the Lawsuit with prejudice, subject to the right of the Parties to enforce the terms of the Settlement Agreement.

2.     Within ~~forty-five~~thirty days of execution of this Agreement by all Parties, Equifax agrees to provide Plaintiffs with the identity, including name, address, and business type, of all third parties to whom it sent information about Plaintiffs or their property or mortgages between August 2019 and May ~~2020.~~2020, and Equifax will also provide Plaintiffs with the identity including name, address, and business type, of all third parties who were able to access information about Plaintiffs through one or more of the products described in the Exhibits to the Complaint. Equifax also will specify what information about Plaintiffs, including personal and financial information, it provided to any third parties between August 2019 and May 2020. At the time Equifax produces this information to Plaintiffs, a representative of Equifax will execute a sworn verification affirming that the information provided is complete, true and correct.

3.     Plaintiffs agree not to further pursue their complaint to the Consumer Financial Protection Board, which they will dismiss/withdraw within five days of execution of this

Agreement by all Parties. Plaintiffs further agree not to file a Complaint with the Federal Trade Commission concerning the actions of Equifax as described in the Complaint.

4.     Within five days of execution of this Agreement by all Parties, Plaintiffs agree to file a ~~Motion to Dismiss with Prejudice and Proposed Order and/or~~ Stipulation ~~of~~for Dismissal of this Lawsuit with Prejudice ~~and Proposed Order, whichever is necessary to effect dismissal with prejudice of the Lawsuit~~, signed by all of the Parties and by their respective counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, but subject to enforcement of the terms and conditions of this Settlement Agreement by the Court in the event that any party breaches the terms set forth herein. Plaintiffs further agree to provide to Equifax's attorneys copies of all such ~~papers~~Stipulations for Dismissal. The Parties agree that despite the withdrawal of the Lawsuit with prejudice, the Court will retain jurisdiction solely for enforcement by the Parties of the terms of this Settlement Agreement.

5.     Except for the rights and obligations created by this Agreement, Plaintiffs, their heirs, agents, privies, attorneys, insurance carriers, executors, administrators, and successors and assigns, hereby release and forever discharge Equifax and its agents, affiliates, servants, employees, officers, directors, shareholders, attorneys, privies, insurance carriers, predecessors, parents, subsidiaries, successors, and assigns from any and all debts, controversies, claims, demands, damages, actions, causes of action, or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing and ~~up~~which arose to the date on which Plaintiffs sign this Agreement including, without limitation, any obligations under the Fair Credit Reporting Act or the Racketeer Influenced Corrupt Organizations Act. This Agreement necessarily includes, but is not limited to, any and all claims, demands, damages, actions, causes of action, or suits that are based directly or indirectly upon facts, events, transactions, or

occurrences related to or alleged, or embraced by the Lawsuit, which could have been alleged in the ~~lawsuit~~Lawsuit or concerning the distribution of Plaintiffs' personal and financial information to third-parties.

6.      Except for the rights and obligations created by this Agreement, Equifax and its agents, affiliates, servants, employees, officers, directors, shareholders, attorneys, privies, insurance carriers, predecessors, parents, subsidiaries, successors, and assigns, hereby release and forever discharge Plaintiffs, their heirs, agents, privies, attorneys, insurance carriers, executors, administrators, and successors and assigns, from any and all debts, controversies, claims, demands, damages, actions, causes of action, or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing and up to the date on which Equifax signs this Agreement.

7.      Equifax further agrees that in the event that any third party that received personal and financial information about the Plaintiffs from Equifax, either directly or indirectly, or any agent, employee, officer, or assignee or purchaser of Plaintiffs' personal and financial information engages in identity theft of Plaintiffs and uses the Plaintiffs' personal and financial information to obtain credit, benefits, goods, services, governmental benefits, cash, lines of credit, mortgage loans or any other asset or thing of value (the "Products of Identity Theft"), Equifax agrees to indemnify, defend and hold Plaintiffs harmless from any and all damage, claims, or litigation that Plaintiffs may suffer or need to initiate as a result of the use of the Products of Identity Theft by any third-party, and Equifax agrees to pay all reasonable attorney fees and costs to defend any such claim or to prosecute claims against any third-parties who obtained the Products of Identity Theft based upon or utilizing the Plaintiffs' personal and financial information provided by Equifax.

8.    The Parties further agree that this Agreement has been fully read and understood by them and that all of them have received independent legal advice from their respective attorneys as to the effect and import of its provisions.  The Parties additionally agree that this Agreement is being entered into for the express purpose and intention of making and entering into a full and final compromise, adjustment, and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein, subject to the right of the Parties to enforce the terms of this Settlement Agreement.

8.    Plaintiffs warrant and represent that there has been no assignment, sale, or transfer, by operation of law or otherwise, of any claim, right, or interest released herein. Plaintiffs agree to indemnify, defend, and hold harmless Equifax from any claim, liability, or expense which may be incurred as a result of the assertion of any such claim, right, or interest by any person by reason of any such assignment, sale, or transfer.

9.    This Agreement shall in no event be construed as or be deemed to be evidence of an admission or concession on the part of Equifax of any claim, or any fault or liability, or damages whatsoever.  Equifax denies any and all wrongdoing of any kind whatsoever in connection with the Lawsuit and does not concede any infirmity in the defenses intended to assert.  The Parties have reached the Agreement reflected herein in order to avoid further expense, inconvenience, and delay, and to dispose of extremely expensive, burdensome, and protracted litigation.

10.    The Parties agree that this Agreement constitutes a good faith settlement of the Lawsuit and acknowledge that it is entered into freely and voluntarily.

11.    Unless otherwise required by law or court order, Plaintiffs agree to keep this Agreement confidential except it may be disclosed to their accountants or attorneys, upon their

- 5 -

signing of an agreement to keep the terms confidential, or when necessary for Plaintiffs to assert a due legal right, or when their accountants or attorneys are privy to its contents in confidential communications or to enforce the terms of this Settlement Agreement. In the event Plaintiffs are forcedrequired by other persons to file this Agreement with a court, they shall do so under seal so that the contents are not revealed beyond disclosure to duly authorized court personnel, such as judges and court clerks, or to taxing authorities, if necessary, or as otherwise ordered by the Court.

12.     This Agreement constitutes the sole and entire agreement between Plaintiffs and Equifax and supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matter covered in it. Plaintiffs and Equifax all acknowledge that, in entering into this Agreement, they are not relying upon any representations or warranties made by anyone other than those terms and provisions expressly set forth in this Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, waived, modified, or otherwise changed in any respect or particular whatsoever except by writing duly executed by authorized representatives of Plaintiffs and Defendant. The Parties further acknowledge and agree that they will make no claims, at any time or place, that this Agreement has been orally supplemented, modified, or altered in any respect whatsoever.

13.     This Agreement is being made in and shall be deemed to be performed in the State of Georgia and shall be governed by, construed, and enforced in accordance with the laws of the State of Georgia without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws. The Parties hereby consent to the jurisdiction of the federal courts located in the StateUnited States District Court for the Northern District of Georgia with respect to any dispute relating to or arising out of this Agreement. Despite the dismissal of

the Lawsuit with prejudice, the Parties shall have the right to apply to the said Court for enforcement of the terms of this Settlement Agreement, and the Court shall have continuing jurisdiction to enforce the terms of this Settlement Agreement.

14.     In any action to enforce the terms of this Agreement, which shall be filed with the United States District Court of the Northern District of Georgia under the case number for this Lawsuit including any action to recover damages for any violations of it, including the confidentiality provisions of paragraph 11 above, the prevailing party shall be entitled to recover its reasonable attorneys' fees and disbursements in addition to costs of suit.

15.     Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but rather the Agreement shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the Parties shall be construed and enforced accordingly.

16.     The Parties have the requisite authority to enter into this agreement on their own behalf.

17.     This Agreement may be executed in counterparts signed on varying dates.

IN WITNESS WHEREOF, this Agreement is executed as of the date and year first above indicated.


By: _____     Date: _____
       Plaintiff Harold R. Berk



By: _____     Date: _____
       Plaintiff Joan S. McClure

EQUIFAX INC., EQUIFAX INFORMATION
SERVICES LLC, EQUIFAX MORTGAGE
INFORMATION SERVICES LLC


By: _____      Date: _____
Attorneys for Defendants


EQUIFAX INC.

By: _____      Date: _____

_____


EQUIFAX INFORMATION SERVICES, LLC


By: _____      Date: _____


EQUIFAX MORTGAGE INFORMATION SERVICES,
a division of Equifax Information Services, LLC


By: _____      Date: _____

Document comparison by Workshare 9.5 on Tuesday, May 19, 2020 10:40:13 AM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\Harold R Berk\Documents\Equifax\Settlement\Berk - Settlement Agreement and Release(63946760v1).DOCX |
| Description | Berk - Settlement Agreement and Release(63946760v1) |
| Document 2 ID | file://C:\Users\Harold R Berk\Documents\Equifax\Settlement\Berk - Settlement Agreement and Release(63946760v1)HRB Rev.docx |
| Description | Berk - Settlement Agreement and Release(63946760v1)HRB Rev |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 38 |
| Deletions | 16 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |

| Format changed | 0 |
|---|---:|
| Total changes | 56 |

# EXHIBIT 4

## (To Declaration of Eric F. Barton)

**Barton, Eric**

| | |
|---|---|
| **From:** | Barton, Eric |
| **Sent:** | Thursday, May 21, 2020 1:14 PM |
| **To:** | 'Harold Berk' |
| **Cc:** | Joan McClure; Blecher, Stacey |
| **Subject:** | RE: Modifications to Settlement Agreement |
| **Attachments:** | Berk - Settlement Agreement and Release(63946760v1)HRB Rev.docx |

Harold-

I accepted all of your edits and made my modifications in redline.

1. Equifax does not wire settlement funds (to anyone). Therefore, the settlement payment will need to be made via check. Just let me know what address you'd like it to be sent to.

2. You added two material terms to the agreed-upon settlement. The first is additional disclosure language (Paragraph 2). The second is a proposed indemnification provision (Paragraph 7). Because Equifax never agreed to either of those terms as part of this settlement, they will need to be removed.

Please go ahead and accept my revisions, execute the settlement, and PDF the document back to me so I can get Equifax to sign. Please pass along the W-9's as well.

Thank you.

**From:** Harold Berk <haroldberk@gmail.com>
**Sent:** Tuesday, May 19, 2020 10:46 AM
**To:** Barton, Eric <EBarton@seyfarth.com>
**Cc:** Joan McClure <joan.s.mcclure@gmail.com>
**Subject:** Modifications to Settlement Agreement

**[EXT. Sender]**

Eric,

Attached are our modifications of the Settlement Agreement. A clean copy and a Comparison to the original in included.

Please let us know if it is acceptable to Equifax.

Harold R. Berk, Esquire
150 North Radnor Chester Road
Suite F200, #842
Radnor, PA 19087
mobile: 215-896-2882
www.hrberkesquire.com [hrberkesquire.com]

17000 SW Ambrose Way
Port St. Lucie, FL 34986

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into by Harold R. Berk and Joan S. McClure ("Plaintiffs") and Defendants Equifax Inc., Equifax Information Services LLC. and Equifax Mortgage Information Services (collectively, "Equifax") as of the date of execution below. Plaintiffs and Equifax are collectively referred to herein as the "Parties."

## FACTS

Plaintiffs filed suit against Equifax in the United States District Court for the Eastern District of Pennsylvania which, after denying a Motion to Dismiss, transferred the case to the Northern District of Georgia, Atlanta Division, Case No. No. 1:20-cv-01279-TWT-CCB (the "Lawsuit"). In their Lawsuit, Plaintiffs allege that Equifax is liable for, among other things, violations of the Fair Credit Reporting Act concerning the distribution of Plaintiffs' personal information to third-parties, and Plaintiffs have asserted claims that the actions of defendants violated Plaintiffs' right to privacy and the right of seclusion under the law of Georgia, Florida, Pennsylvania and Delaware. Plaintiffs also claimed in an Amended Complaint that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO). The Lawsuit includes the Amended Complaint. Equifax denies any wrongdoing.

The Parties now desire to memorialize the settlement that they reached on May 13, 2020, in principle, and resolve all disputes, asserted or unasserted, arising out of any acts, failures to act, omissions, misrepresentations, facts, events, transactions, or occurrences described in the Lawsuit or related to the distribution of Plaintiffs' personal information to third-parties existing at the time of the execution of this Agreement.

NOW THEREFORE, in consideration of the mutual promises, terms, and conditions contained herein, and for other good and valuable consideration hereby deemed received, the Parties agree as follows:

## TERMS OF AGREEMENT

1.      Equifax agrees to pay Plaintiffs the total settlement amount of Fifteen Thousand Dollars ($15,000.00)( the "Settlement Amount"). The Settlement Amount shall be made payable to "Harold R. Berk and Joan S. McClure" and is conditioned upon Plaintiffs' execution of this Agreement, Equifax's receipt of fully completed Forms W-9 for both Plaintiffs, and Plaintiffs' dismissal of the Lawsuit with prejudice, subject to the right of the Parties to enforce the terms of the Settlement Agreement.

> **Deleted:** sent by wire transfer to the Bank with routing number and account number as described by Plaintiffs in written communication to Defendants and

2.      Within thirty-five days of execution of this Agreement by all Parties, Equifax agrees to provide Plaintiffs with the identity, including name, address, and business type, of all third parties to whom it sent information about Plaintiffs or their property or mortgages between August 2019 and May 2020. Equifax also will specify what information about Plaintiffs, including personal and financial information, it provided to any third parties between August 2019 and May 2020. At the time Equifax produces this information to Plaintiffs, a representative of Equifax will execute a sworn verification affirming that the information provided is complete, true and correct.

> **Deleted:** , and Equifax will also provide Plaintiffs with the identity including name, address, and business type, of all third parties who were able to access information about Plaintiffs through one or more of the products described in the Exhibits to the Complaint

3.      Plaintiffs agree not to further pursue their complaint to the Consumer Financial Protection Board, which they will dismiss/withdraw within five days of execution of this Agreement by all Parties. Plaintiffs further agree not to file a Complaint with the Federal Trade Commission concerning the actions of Equifax as described in the Complaint.

4.      Within five days of execution of this Agreement by all Parties, Plaintiffs agree to file a Stipulation for Dismissal of this Lawsuit with Prejudice. signed by all of the Parties and by

their respective counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, but subject to enforcement of the terms and conditions of this Settlement Agreement by the Court in the event that any party breaches the terms set forth herein. Plaintiffs further agree to provide to Equifax's attorneys copies of all such Stipulations for Dismissal. The Parties agree that despite the withdrawal of the Lawsuit with prejudice, the Court will retain jurisdiction solely for enforcement by the Parties of the terms of this Settlement Agreement.

5.     Except for the rights and obligations created by this Agreement, Plaintiffs, their heirs, agents, privies, attorneys, insurance carriers, executors, administrators, and successors and assigns, hereby release and forever discharge Equifax and its agents, affiliates, servants, employees, officers, directors, shareholders, attorneys, privies, insurance carriers, predecessors, parents, subsidiaries, successors, and assigns from any and all debts, controversies, claims, demands, damages, actions, causes of action, or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing and which arose to the date on which Plaintiffs sign this Agreement including, without limitation, any obligations under the Fair Credit Reporting Act or the Racketeer Influenced Corrupt Organizations Act. This Agreement necessarily includes, but is not limited to, any and all claims, demands, damages, actions, causes of action, or suits that are based directly or indirectly upon facts, events, transactions, or occurrences related to or alleged, or embraced by the Lawsuit, which could have been alleged in the Lawsuit or concerning the distribution of Plaintiffs' personal and financial information to third-parties.

6.     Except for the rights and obligations created by this Agreement, Equifax and its agents, affiliates, servants, employees, officers, directors, shareholders, attorneys, privies, insurance carriers, predecessors, parents, subsidiaries, successors, and assigns, hereby release and

- 3 -

forever discharge Plaintiffs, their heirs, agents, privies, attorneys, insurance carriers, executors, administrators, and successors and assigns, from any and all debts, controversies, claims, demands, damages, actions, causes of action, or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing and up to the date on which Equifax signs this Agreement.

7.   The Parties further agree that this Agreement has been fully read and understood by them and that all of them have received independent legal advice from their respective attorneys as to the effect and import of its provisions. The Parties additionally agree that this Agreement is being entered into for the express purpose and intention of making and entering into a full and final compromise, adjustment, and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein, subject to the right of the Parties to enforce the terms of this Settlement Agreement.

8.   Plaintiffs warrant and represent that there has been no assignment, sale, or transfer, by operation of law or otherwise, of any claim, right, or interest released herein. Plaintiffs agree to indemnify, defend, and hold harmless Equifax from any claim, liability, or expense which may be incurred as a result of the assertion of any such claim, right, or interest by any person by reason of any such assignment, sale, or transfer.

9.   This Agreement shall in no event be construed as or be deemed to be evidence of an admission or concession on the part of Equifax of any claim, or any fault or liability, or damages whatsoever. Equifax denies any and all wrongdoing of any kind whatsoever in connection with the Lawsuit and does not concede any infirmity in the defenses intended to assert. The Parties have reached the Agreement reflected herein in order to avoid further expense, inconvenience, and delay, and to dispose of expensive, burdensome, and protracted litigation.

- 4 -

**Deleted:** 7   Equifax further agrees that in the event that any third party that received personal and financial information about the Plaintiffs from Equifax, either directly or indirectly, or any agent, employee, officer, or assignee or purchaser of Plaintiffs' personal and financial information engages in identity theft of Plaintiffs and uses the Plaintiffs' personal and financial information to obtain credit, benefits, goods, services, governmental benefits, cash, lines of credit, mortgage loans or any other asset or thing of value (the "Products of Identity Theft"), Equifax agrees to indemnify, defend and hold Plaintiffs harmless from any and all damage, claims, or litigation that Plaintiffs may suffer or need to initiate as a result of the use of the Products of Identity Theft by any third-party, and Equifax agrees to pay all reasonable attorney fees and costs to defend any such claim or to prosecute claims against any third-parties who obtained the Products of Identity Theft based upon or utilizing the Plaintiffs' personal and financial information provided by Equifax.   ¶

**Deleted:** 8

**Deleted:** 8

10.     The Parties agree that this Agreement constitutes a good faith settlement of the Lawsuit and acknowledge that it is entered into freely and voluntarily.

11.     Unless otherwise required by law or court order, Plaintiffs agree to keep this Agreement confidential except it may be disclosed to their accountants or attorneys, upon their signing of an agreement to keep the terms confidential, or when necessary for Plaintiffs to assert a due legal right or to enforce the terms of this Settlement Agreement.  In the event Plaintiffs are required by other persons to file this Agreement with a court, they shall do so under seal so that the contents are not revealed beyond disclosure to duly authorized court personnel, such as judges and court clerks, or to taxing authorities, if necessary, or as otherwise ordered by the Court.

12.     This Agreement constitutes the sole and entire agreement between Plaintiffs and Equifax and supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matter covered in it.  Plaintiffs and Equifax all acknowledge that, in entering into this Agreement, they are not relying upon any representations or warranties made by anyone other than those terms and provisions expressly set forth in this Agreement.  It is expressly understood and agreed that this Agreement may not be altered, amended, waived, modified, or otherwise changed in any respect or particular whatsoever except by writing duly executed by authorized representatives of Plaintiffs and Defendant.  The Parties further acknowledge and agree that they will make no claims, at any time or place, that this Agreement has been orally supplemented, modified, or altered in any respect whatsoever.

13.     This Agreement is being made in and shall be deemed to be performed in the State of Georgia and shall be governed by, construed, and enforced in accordance with the laws of the State of Georgia without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws.  The Parties hereby consent to the jurisdiction of the United

States District Court for the Northern District of Georgia with respect to any dispute relating to or arising out of this Agreement. Despite the dismissal of the Lawsuit with prejudice, the Parties shall have the right to apply to the said Court for enforcement of the terms of this Settlement Agreement, and the Court shall have continuing jurisdiction to enforce the terms of this Settlement Agreement.

14.     In any action to enforce the terms of this Agreement, which shall be filed with the United States District Court of the Northern District of Georgia under the case number for this Lawsuit including any action to recover damages for any violations of it, including the confidentiality provisions of paragraph 11 above, the prevailing party shall be entitled to recover its reasonable attorneys' fees and disbursements in addition to costs of suit.

15.     Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but rather the Agreement shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the Parties shall be construed and enforced accordingly.

16.     The Parties have the requisite authority to enter into this agreement on their own behalf.

17.     This Agreement may be executed in counterparts signed on varying dates.

IN WITNESS WHEREOF, this Agreement is executed as of the date and year first above indicated.

By: _____     Date: _____
     Plaintiff Harold R. Berk

By: _____     Date: _____     | Deleted: ¶ |
     Plaintiff Joan S. McClure

- 6 -

EQUIFAX INC.

By:_____        Date:_____


EQUIFAX INFORMATION SERVICES, LLC


By:_____        Date:_____


EQUIFAX MORTGAGE INFORMATION SERVICES,
a division of Equifax Information Services, LLC


By:_____        Date:_____

**Deleted:** ¶
¶
¶
EQUIFAX INC`, EQUIFAX INFORMATION ¶
SERVICES LLC`, EQUIFAX MORTGAGE¶
INFORMATION SERVICES LLC ¶
¶
¶
¶
By _____ Date
_____ Attorneys for Defendants¶
¶

**Formatted:** No underline

**Formatted:** No underline