**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN - 5 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| **HAROLD R. BERK, et al.** : | |
| **Plaintiffs** : | |
| : | **No. 1:20-cv-01279-TWT-CCB** |
| **VS.** : | |
| : | |
| **EQUIFAX INC., et al. .** : | |
| **Defendants** : | |

### PLAINTIFFS' VERIFIED MOTION TO RECUSE
### MAGISTRATE JUDGE CHRISTOPHER BLY
### FROM FURTHER PARTICIPATION IN THIS CASE

Plaintiffs Harold R. Berk and Joan S. McClure, Pro Se, move to have

Magistrate Judge Christopher Bly recuse himself from further participation in this

case, pursuant to 28 U.S.C. §144 and 28 U.S.C. §455,  based upon a showing by

Magistrate Bly of bias and prejudice in favor of defendants and with the

appearance of impropriety, and in support of said Motion they state the following:

1.  Defendants filed on May 26, 2020 a Motion to Enforce a Settlement

Agreement and for a Stay of all Deadlines.

2.  Defendants in their Memorandum in Support of their Motions made no

argument whatsoever in support of their Motion for a Stay. They stated no reasons

why a stay was necessary, they did not articulate the grounds for a stay and they

did not state any reasons why a stay should be entered.  By moving for a stay but

not including any argument or reasons for granting a stay and filing no memorandum articulating any reason for ordering a stay, defendants violated LR 7.1(A)(1) by not including a memorandum of law with citing supporting authority for a stay.

3. Plaintiffs in their Memorandum in Opposition to Defendants' Motions objected to the entry of a stay and noted that defendants had not included any argument whatsoever in support of their Motion to enter a stay and did not even discuss the grounds for a stay in their Memorandum.

4. Despite any presentation by defendants as to the reasons why a stay was necessary, Magistrate Bly recognized that defendants had not supported their motion for a stay with any argument in support of the Motion, but nevertheless Magistrate Bly did defendants' work for them and wrote an opinion citing several cases in support of entry of a stay despite the complete lack of any such argument by defendants. (Docket 50).

5. Since defendants failed to comply with LR 7.1(A)(1), Magistrate Bly should have denied their motion for noncompliance with an important local rule.

6. Magistrate Bly has shown favoritism to defendants and bias and prejudice in their favor by granting their Motion for a Stay despite the complete and total absence of any argument from defendants as to why a stay was necessary or the legal authorities applicable to such a stay motion.

7. Magistrate Bly did defendants work for them by doing research on grounds and reasons to enter a stay, and he entered a three page opinion citing various authorities to support the entry of a stay.  By doing so, Magistrate Bly effectively became an additional attorney for defendants by doing research and making legal arguments that defendants' counsel had totally failed to present themselves.

8. There was no reason for entry of a Stay as defendants had notice of the allegations in the Amended Complaint as early as April 28, 2020 when Plaintiffs filed their Motion for leave of court to amend the complaint and attached the proposed Amendments.  Further, Defendants did not oppose the Motion for leave to Amend the Complaint as the Court noted. (Docket 45).

9. The defendants had 34 days notice of the allegations in the amendments to the complaint, and they had more than enough time to prepare an Answer to the Amended Complaint.

10. In the absence of any argument from defendants of the reasons to enter a stay,  Magistrate Bly took it upon himself to do research for the defendants' benefit and to write an Opinion granting the Stay and citing the cases and propositions that benefitted defendants though defendants had totally failed to do so themselves.

11. Magistrate Bly had no reason to go out of his way to benefit the defendants by doing legal research of benefit for them when they presented no argument of the reasons why a stay should be granted.  Magistrate Bly did not even know whether

3

defendants were prepared to file an Answer to the Amended Complaint as they had 34 days notice and had more than enough time to prepare an answer and perhaps they were prepared to file an Answer. There is nothing of record to indicate one way or another whether defendants were prepared to timely answer the Amended Complaint.

12. If defendants had prepared an Answer to the Amended Complaint, Magistrate Bly's Order was totally unnecessary, but neither Magistrate Bly nor Plaintiffs knew whether or not defendants had prepared an Answer in the 34 days they had to do so.

13. Magistrate Bly has demonstrated bias and prejudice in favor of defendants and the appearance of impropriety by his unusual effort to buttress the defendants' position when they had failed to do so on their own.  Magistrate Bly made himself into an additional counsel for defendants by his unusual effort on their behalf.

14. Plaintiffs make this Motion to Recuse Magistrate Judge Bly in good faith and in compliance with 28 U.S.C. §144.

15. Plaintiffs further move that Magistrate Judge Bly recuse himself under 28 U.S.C. §455(a) as his impartiality is reasonably questioned.

WHEREFORE, Plaintiffs move that Magistrate Bly recuse himself from any further participation in this case based upon his demonstration of bias and prejudice and the appearance of impropriety.

*Harold R. Berk*
_____

Harold R. Berk, Pro Se
(PA ID No. 22566)
Joan S. McClure, Pro Se
17000 SW Ambrose Way
Port St. Lucie, FL 34986
215-896-2882
haroldberk@gmail.com

150 N. Radnor Chester Road
Suite F200, #842
Radnor, PA 19087

## VERIFICATION AND DECLARATION

Harold R. Berk, Plaintiff, Pro Se herein, hereby declares and states under

penalty of perjury that the above and foregoing statements of fact are true and

correct to the best of his knowledge, information and belief.

*Harold R. Berk*
_____

Harold R. Berk, Plaintiff Pro Se
(PA ID No. 22566)

## CERTIFICATE OF SERVICE

I, Harold R. Berk, Plaintiff pro se herein, has on this June 4, 2020, served a copy of the foregoing Plaintiffs' Motion to Recuse Magistrate Bly from any further Participation in this Case and Supporting Memorandum to the following counsel for the defendants by Email pursuant to an agreement of counsel for the parties as follows:

Eric F. Barton, Esquire
Seyfarth Shaw LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309
EBarton@seyfarth.com

*/s/  Harold R. Berk*
Harold R. Berk

June 4, 2020