**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HAROLD R. BERK and JOAN S. McCLURE, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-01279-TWT-CCB |
| EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, and EQUIFAX MORTGAGE INFORMATION SERVICES, | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
ENFORCE THE PARTIES' SETTLEMENT AGREEMENT
AND TO STAY ALL DEADLINES**

Defendants EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC,

and EQUIFAX MORTGAGE INFORMATION SERVICES (collectively,

"Equifax"), by their attorneys and pursuant to LR 7.1, NDGa., hereby file this Reply

in Support of Defendants' Motion to Enforce the Parties' Settlement Agreement and

to Stay All Deadlines.

Pro se Plaintiffs Harold S. Berk and Joan S. McClure (collectively, the

"Plaintiffs") contend that an enforceable settlement agreement does not exist

because Equifax is insisting on adding new, "material terms" that were not part of

64194158v.1

Plaintiffs' May 13th settlement demand, which Equifax accepted on May 14th. Plaintiffs' position is simply not true.  In fact, the real reason why Plaintiffs are trying to back-out of the agreed upon settlement is because ***Plaintiffs*** want to add new, material terms to the deal -- material terms that were never part of Plaintiffs' May 13th settlement demand.

In their Response Brief (DE 54), Plaintiffs allege that Equifax is insisting on the inclusion of six "material modifications" to the settlement agreement, which were never part of Plaintiffs' May 13th settlement demand.  Because of these alleged "material modifications," Plaintiffs claim that no final settlement has been reached. As detailed below, however, Plaintiffs either misrepresent the terms of their own May 13th settlement demand or misrepresent Equifax's position on various issues.

1.     First and foremost, Plaintiffs object to the statement in Paragraph 2 of the Settlement Agreement indicating that Equifax has 35 days to provide Plaintiffs with the requested information, claiming that "Plaintiffs settlement proposal required Equifax to deliver the information identifying the third parties at the time the Settlement Agreement was signed."  It is undisputed, however, that Plaintiffs' May 13th settlement demand includes ***no time period whatsoever*** in which Equifax must produce the requested information.  This makes perfect sense because Plaintiffs

understood that it would obviously take Equifax some period of reasonable time to gather all of the information they had requested.

As evidenced by Exh. 3 to Barton's Declaration (DE 47, p. 40), Equifax originally proposed producing the requested information 45 days after the Settlement was executed, but Plaintiffs changed that time period to just 30 days.  This edit demonstrates that Plaintiffs fully understood that Equifax would not produce the requested information "at the time the Settlement Agreement was signed" and had no issue with the information being produced within 30 days after the Settlement Agreement was executed.

In the Settlement Agreement attached as Exhibit 1 to the Proposed Order (DE 47-1), Equifax proposed producing the requested information within 35 days of the Parties executing the settlement agreement, but is willing to modify that language to just 30 days, as Plaintiffs' previously requested.  With that modification, there is no issue with Paragraph 2.

2.      Plaintiffs next contend that Equifax "materially modified" the settlement agreement by insisting on a confidentiality provision.  Despite the fact that Plaintiffs originally had no objection to a confidentiality provision (DE 47, p. 43-44), as evidenced by the Settlement Agreement attached as Exhibit 1 to the Proposed Order (DE 47-1), Equifax has already removed the confidentiality

provision at Plaintiffs' objection to this non-material term.  Accordingly, this is now a non-issue.

3.      Plaintiffs claim that the "indemnity provision" included in Paragraph 8 of the Settlement Agreement is "another material modification."  First, as seen in Exh. 3 to Barton's Declaration (DE 47, p. 43), Plaintiffs previously had no objection with this provision, so the sudden change in their position is unclear.  That said, Equifax is willing to delete this non-material language from Paragraph 8.  It should now simply state:   "Plaintiffs warrant and represent that there has been no assignment, sale, or transfer, by operation of law or otherwise, of any claim, right, or interest released herein."  With this modification, there is no issue with Paragraph 9.

4.      Plaintiffs claim that the statement in Paragraph 12 that Georgia law governs this dispute is also improper.  Again, as evidenced by Exh. 3 to Barton's Declaration (DE 47, p. 44), Plaintiffs previously had no objection with this provision and agreed that Georgia law applies.  They have now changed their minds, however, and want Florida law to apply.  Equifax has no objection to this non-material change and, with that modification, there is no issue with Paragraph 12.

5.      Plaintiffs claim that Paragraph 13's statement that in the event a party is forced file suit to enforce the settlement agreement they are entitled to recover

their reasonable attorneys' fees and costs is another "material change" to the agreed upon settlement.  Again, as seen in Exh. 3 to Barton's Declaration (DE 47, p. 45), Plaintiffs previously had no objection with this provision, but have now apparently changed their minds about this non-material term.  If that is the case, Equifax is willing to revise Paragraph 13 to delete this language.  It should now simply state: "Any action to enforce the terms of this Agreement shall be filed with the United States District Court of the Northern District of Georgia under the case number for this Lawsuit including any action to recover damages for any violations of it."  With that modification, there is no issue with Paragraph 13.

6.      Finally, Plaintiffs incorrectly claim that Equifax insisted that the settlement agreement *only* be signed by its outside counsel and not employee representatives of the company.  Again, Equifax already made that edit to the settlement, so there is no issue with the signature block.  *See* Exhibit 1 to the Proposed Order (DE 47-1).

The material terms in Plaintiffs' May 13th settlement demand could not be more clear.  On May 14th, Equifax unconditionally (and timely) accepted each and every one of those material terms.  The settlement agreement prepared by Equifax's counsel accurately documents those terms.

Although Plaintiffs apparently now object to some of the non-material language included in the settlement agreement prepared by Equifax, as detailed above, all of those non-material terms are now resolved to Plaintiffs' satisfaction. Accordingly, because the Parties have reached a meeting of the minds on all material and ***non-material*** terms, there is no legitimate basis for Plaintiffs to claim that no settlement has been reached.

As Plaintiffs themselves correctly point out in their Response Brief: "the offeror is the master of his or her [settlement] offer." *Grange Mutual Casualty Co. v. Woodward*, 861 F.3d 1224, 1230 (11th Cir. 2017). Here, Plaintiffs were the "master" of their May 13th settlement offer, which unequivocally states that Plaintiffs "are prepared to settle the case we brought against Equifax ***on the following terms***." (DE 47, p. 27) (Emphasis added). The May 13th offer then clearly set forth five, numbered terms. Each of those terms now appear in the Settlement Agreement that Plaintiffs refuse to sign.[1]

Simply put, on May 14th, the Parties reached an enforceable settlement in this case based on Plaintiffs' May 13th settlement demand and, as such, the Court should

---

[1] The language that Plaintiffs propose adding to Paragraph 2, as well as the new Paragraph 7, are unquestionably material modifications to the settlement. It is undisputed that these terms were ***not*** part of Plaintiffs' May 13th settlement demand. As such, Plaintiffs have no basis to insist that these terms be included in the final agreement.

64194158v.1

order Plaintiffs to execute the settlement agreement attached hereto as <u>Exhibit A</u>,

which accurately reflects the terms of that settlement.

This 11th day of June, 2020.

Respectfully submitted,

EQUIFAX INC., EQUIFAX
INFORMATION SERVICES LLC,
and EQUIFAX MORTGAGE
INFORMATION SERVICES

By:   */s/ Eric F. Barton*
      Eric F. Barton
      ebarton@seyfarth.com
      SEYFARTH SHAW LLP
      1075 Peachtree St, N.E., Suite 2500
      Atlanta, GA  30309
      Telephone:  (404) 881-5430
      Facsimile:   (404) 892-7056

64194158v.1

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to LR 7.1 D, Defendants certify that this Reply in Support of Defendants' Motion to Enforce the Parties' Settlement Agreement and Stay All Deadlines has been prepared in Times New Roman 14-point, one of the fonts approved in LR 5.1C.

64194158v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BERK, HAROLD & MCCLURE, JOAN,

      Plaintiffs,

      v.

EIS, EMS, and INC.,

      Defendants.

Civil Action
No. 1:20-cv-01279-TWT-CCB

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 11, 2020, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT AND STAY ALL DEADLINES** with the Clerk of the Court using the CM/ECF system which send notification of such filing to the registered users.  I, further certify that on June 11, 2020, I cause a true and accurate copy of the foregoing to be e-mailed and mailed to the following:

Harold R. Berk
Joan S. McClure
haroldberk@gmail.com
17000 SW Ambrose Way
Port St. Lucie, FL  34986
-and-
150 N. Radnor Chester Road
Suite F200, #842
Radnor, PA  19087

                                    */s/ Eric F. Barton*
                                      Eric F. Barton